# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

COLLIS D. MARTIN,

    Plaintiff,

vs.

DAVID RODGERS, et al.,

    Defendants.

Case No. 2:13-cv-00515-JCM-GWF

**ORDER**

    Plaintiff, who is a prisoner in custody at the Clark County Detention Center, has submitted an application to proceed in forma pauperis (#1) and a civil rights complaint pursuant to 42 U.S.C. § 1983. The court finds that plaintiff is unable to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff still must pay the filing fee in full, through monthly installments. 28 U.S.C. § 1915(b)(2).

    The court has reviewed the complaint, and the court will dismiss this action. When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

>Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .
>
>[A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citations omitted).

Plaintiff alleges that in May 2007, he was arrested for stealing four bottles of cologne with a total value of $240.00. Taking sales tax into account, the price became $256.50, and petitioner was convicted of grand larceny. Petitioner falsely alleges that the conviction was overturned in this court in May 2009. Petitioner did challenge the judgment of conviction through a petition for a writ of habeas corpus in Martin v. Benedetti, 3:08-cv-00600-RCJ-VPC. However, on March 29, 2010, the court denied that petition on the merits.

In his three counts for relief, plaintiff complains that he was not present at a hearing in his state habeas corpus proceedings, which led to the denial of his petition. The court cannot consider plaintiff's claim in a civil rights action pursuant to 42 U.S.C. § 1983. His sole federal remedy is through a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). The court will not construe the complaint to be a habeas corpus petition for two reasons. First, the petition would be successive, and petitioner first would need to obtain authorization from the court of appeals before he could file the petition. 28 U.S.C. § 2244(b)(3). Second, errors in the state post-conviction proceedings are not addressable in federal habeas corpus. Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989). These defects cannot be cured by amendment of the complaint, and the court will dismiss the action.

1    IT IS THEREFORE ORDERED that plaintiff's application to proceed <u>in forma pauperis</u> (#1) is **GRANTED**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

    IT IS FURTHER ORDERED that plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed <u>in forma pauperis</u> shall not extend to the issuance of subpoenas at government expense.

    IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Clark County Detention Center shall pay to the clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the prisoner's account (inmate #1999547), in months that the account exceeds $10.00, until the full three hundred fifty dollar ($350.00) filing fee has been paid for this action. If plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the accounting supervisor of the Clark County Detention Center is directed to send a copy of this order to the attention of the chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that plaintiff has paid toward the filing fee, so that funds may continue to be deducted from plaintiff's account. The clerk shall send a copy of this order to the accounting supervisor of the Clark County Detention Center, 330 S. Casino Center Blvd., Las Vegas, NV 89101.

    IT IS FURTHER ORDERED that the clerk of the court file the complaint.

    IT IS FURTHER ORDERED that this action is **DISMISSED** for failure to state a claim upon which relief may be granted. The clerk of the court shall enter judgment accordingly.

    IT IS FURTHER ORDERED that an appeal from the dismissal of this action would not be taken in good faith.

    DATED: October 11, 2013.

_____
JAMES C. MAHAN
United States District Judge